UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


WILLIAM MILLER,                          :
                                         :    NO. 1:12-CV-00917
            Plaintiff,                   :
                                         :
                                         :
    v.                                   :    **OPINION AND ORDER**
                                         :
                                         :
COMMISSIONER OF SOCIAL                   :
SECURITY,                                :
                                         :
            Defendant.                   :


        This matter is before the Court on the Magistrate Judge's Report and Recommendation, (doc. 15), Plaintiff's Objections (doc. 16), and Defendant's Response (doc. 17).  In her Report and Recommendation, the Magistrate Judge recommended that the decision of the Administrative Law Judge ("ALJ") denying Plaintiff Disability Insurance Benefits ("DBI") and Supplemental Security Income ("SSI") be affirmed and this case be dismissed from the docket of the Court (Id.).  For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

**I.  Background**

        Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in May 2009, alleging a disability onset date of September 2, 2008, due to physical impairments, primarily debilitating knee pain (doc. 15).

Defendant denied such claims initially and upon reconsideration (Id.).  Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"), which he obtained, and at which he was represented by counsel (Id.).  The ALJ denied Plaintiff's application, following which Plaintiff requested review by the Appeals Council (Id.).  The Appeals Council denied Plaintiff's request for review, thus making the ALJ's decision the final determination of the Commissioner (Id.).

On appeal to this Court, Plaintiff contends the non-disability determination should be reversed for two reasons (Id.). First, he argues the ALJ erred by improperly determining Plaintiff's residual functional capacity ("RFC"); and second, that the ALJ erred in the evaluation of Plaintiff's credibility (Id.).

## II.  The Magistrate Judge's Report and Recommendation

The Magistrate Judge reviewed the record, rejected Plaintiff's assignments of error, found the ALJ's non-disability determination supported by substantial evidence, and recommended the Court affirm such decision (Id.).  The Magistrate Judge first addressed Plaintiff's contention that the ALJ's RFC determination is not substantially supported for having failed to given controlling weight to the opinion of Dr. Hoke, Plaintiff's treating physician (Id.).  The Magistrate Judge found that the objective record evidence shows Plaintiff can perform the full range of sedentary work, based on Plaintiff's reported activities and the

findings of Drs. Ray and McCloud (Id.).   The Magistrate Judge further found the ALJ properly rejected Dr. Hoke's four-hour sitting limitation based on Plaintiff's own admission that "one does not need to use one's knees when sitting" (Id.).   The Magistrate Judge found that Dr. Ray's opinion was entitled to significant weight because it was based on a review of the longitudinal record, interview of the claimant and reflection upon objective studies (Id.).   The Magistrate Judge noted Plaintiff has not pointed to any objective evidence that Dr. Ray did not review that would invalidate Dr. Ray's findings (Id.).   Finally, the Magistrate Judge noted that sedentary work does not require overhead reaching, so Plaintiff's contentions regarding his limitations in reaching would not preclude such an RFC (Id.).   The Magistrate Judge concluded that in light of the foregoing, the ALJ properly weighed the evidence in finding Plaintiff capable of performing the full range of sedentary work (Id.).

The Magistrate Judge next addressed Plaintiff's contention that the ALJ erred in his credibility assessment (Id.). The Magistrate Judge found the ALJ's finding correct that Plaintiff's testimony was inconsistent with the record (Id.). Plaintiff's testimony that he was unable to perform almost any activity was belied by the record evidence that he fell on ice while loading boxes, he moved furniture, and he maintained relationships outside his home (Id.).   Finally, the Magistrate

Judge reiterated that even according to Dr. Hoke, the treating physician, Plaintiff could sit for two hours at a time, which is inconsistent with Plaintiff's testimony that he can only sit for one hour at a time (Id.).  In conclusion the Magistrate Judge found the ALJ's credibility assessment within the "zone of choice" and therefore recommended that it be affirmed (Id.).

## III.  Analysis

Under 42 U.S.C. § 405(g), the findings of the ALJ are conclusive if they are supported by substantial evidence. Accordingly, this Court's "review is limited to determining whether there is substantial evidence in the record to support the findings." Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 851 (6th Cir. 1986).  "'Substantial evidence' means 'more than a scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983).  It is for the Secretary to resolve conflicts in the evidence and to decide questions of credibility.  Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir. 1987). The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The substantial evidence standard presupposes that there is a "zone

of choice" within which the Secretary may proceed without interference from the courts.  Id.  If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm. Kirk, 667 F.2d at 535.

In their briefing the parties accuse one another of repeating arguments already made, and the Court agrees with such assessment, with minor exceptions.  Plaintiff, for instance, challenges the Magistrate Judge's assertion that he fails to point to any objective evidence which Dr. Ray did not review that would invalidate Dr. Ray's findings (doc. 16).  Plaintiff indicates Dr. Ray did not view his 2011 knee MRI's which showed his problem had progressed (Id.).  The government argues the 2011 MRI's are substantially similar to those from 2008 (doc. 17).  The Court agrees with the government's position that Plaintiff has failed to show the ALJ's conclusion is erroneous or unsupported by substantial evidence.  Dr. Ray's findings are supported by objective medical evidence and constitute substantial evidence in support of the conclusion that Plaintiff can engage in sedentary work activity.  Plaintiff's own statements belie the notion that he cannot do so, and the Court finds the ALJ's credibility assessment correct.

## IV.  Conclusion

The Court, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b) finds the Magistrate Judge's Report and

Recommendation well-reasoned, thorough, and correct.  The Court finds the ALJ's decision supported by substantial evidence.  The Court agrees with Defendant that Plaintiff's proffered claims of error are unpersuasive.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal.  See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 15), FINDS the Defendant's decision supported by substantial evidence, AFFIRMS the decision of the ALJ, and DISMISSES this case from the docket.


SO ORDERED.


Dated: March 18, 2014          s/S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge